UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

EVELYN BURGESS,　　　　　　　　　　　　　　　Case No. 08-71705-tjt
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　Debtor.　　　　　　　　　　　　　　　　　Hon. Thomas J. Tucker
_____/

AMERICREDIT FINANCIAL　　　　　　　　　　　　Adversary Proceeding
SERVICES, INC. a foreign　　　　　　　　　　　Case No. 09-04549-tjt
corporation,

　　　Plaintiff,
v

EVELYN BURGESS,

　　　Defendant.
_____/

**STIPULATION BETWEEN PLAINTIFF AND DEFENDANT**
**FOR ENTRY OF CONSENT JUDGMENT**

Plaintiff AmeriCredit Financial Services, Inc., and Defendant Evelyn Burgess, hereby stipulate and agree as follows:

1.　　Pursuant to Section 523(a)(2)(A) and (a)(6) of the United States Bankruptcy Code, 11 U.S.C. Section 523(a)(2)(A) and (a)(6), the entire debt due from Defendant Evelyn Burgess to Plaintiff AmeriCredit Financial Services on the December 16, 2008 Retail Installment Contract, which financed Defendant's purchase of a Chrysler 300 motor vehicle, should be excepted from discharge. Damages shall be assessed against Defendant Evelyn Burgess in the amount of $16,317.74, plus contractual interest from December 30, 2008, and court costs of $250.00, and Plaintiff AmeriCredit Financial Services shall be awarded a judgment for damages against Defendant Evelyn Burgess in the amount of $16,317.74, plus contractual interest from December 30, 2008 and court costs of $250.00.

1

2. Defendant and Plaintiff shall enter into a stipulation and order granting Plaintiff relief from the stay to repossess and sell Defendant's 2006 Chrysler 300. After the sale, Defendant shall pay to Plaintiff 50% of the deficiency balance due on the Retail Installment Contract up to a maximum of $3,600.00. The 50% shall be paid in monthly installments of $100.00 and interest shall not accrue on this 50%, nor shall Defendant be obligated to pay the $250.00 in court costs, nor any attorney's fees, provided Defendant timely complies with the terms of this paragraph and paragraph 3 herein. The discounted sum of 50% of the deficiency shall be paid by Defendant in consecutive monthly payments of $100.00 and the first payment shall be due on January 15, 2010 and, thereafter, consecutive monthly payments shall be due on the 15th day of each month until the entire 50% of the deficiency is paid in full, up to a maximum of $3,600.00. Payments may be made by money order or by check. All payments shall be forwarded to AmeriCredit Financial Services, Inc., P.O. Box 78143, Phoenix, Arizona 85062-8143.

3. Defendant is granted a 20 day grace period on each $100.00 payment. If Defendant fails to make any one payment by its due date, or if Defendant fails to make 2 or more payments by their due dates, and Defendant does not thereafter make the payment, or payments, within the applicable 20 day grace period, 100%, not the discounted amount of 50%, of the unpaid portion of the deficiency balance due on the Retail Installment Contract, including any accrued interest from the date of the sale plus $250.00 for costs, shall be automatically accelerated and immediately due from Defendant and Defendant shall pay this sum to Plaintiff without further notice. Also, upon acceleration, Plaintiff shall be entitled to recover from Defendant, and Defendant shall pay to Plaintiff, all attorney's fees and costs incurred by Plaintiff with regard to collection of the debt subsequent to the date of acceleration.

4. Count II of Plaintiff's Complaint shall be dismissed.

5. All parties shall bear their own attorney's fees and court costs incurred in this adversary proceeding, except as provided in paragraph 3 herein.

6. If Defendant timely pays the discounted sum of 50% of the deficiency balance as required by paragraphs 2 and 3 herein, and there is no default and no acceleration, upon the payment of the 50% of the deficiency, Defendant shall have fulfilled her obligations under the terms of this Consent Judgment and shall be entitled to a satisfaction of judgment from Plaintiff.

7. The attached proposed Consent Judgment shall be entered by the Court.

8. This Stipulation does not constitute, and shall not be construed, in any form or fashion to constitute, an admission of any wrongdoing on the part of Defendant Evelyn Burgess.


Date: October 21, 2009    /s/ S. Thomas Padgett
                          S. Thomas Padgett (P31748)
                          DeBrincat and Padgett
                          Attorney for Plaintiff/Creditor
                          34705 W. 12 Mile Road, Suite 311
                          Farmington Hills, MI 48331
                          (248) 553-4333
                          Michiganlawyer@aol.com


Date: October 21, 2009    /s/ Leo J. Foley
                          Leo J. Foley (P33541)
                          Attorney for Debtor
                          335 N. Lafayette St.
                          South Lyon, MI 48178
                          (248) 437-1208
                          Leofoley@cablespeed.com