UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

EVELYN BURGESS,                                Case No. 08-71705-tjt
                                                  Chapter 7
       Debtor.                              Hon. Thomas J. Tucker
_____/

AMERICREDIT FINANCIAL              Adversary Proceeding
SERVICES, INC. a foreign                 Case No. 09-04549-tjt
corporation,

       Plaintiff,
v

EVELYN BURGESS,

       Defendant.
_____/

**CONSENT JUDGMENT OF NON-DISCHARGEABILITY
AND JUDGMENT DISMISSING
COUNT II OF PLAINTIFF'S COMPLAINT
(OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727)**

THIS MATTER having come before the Court on the agreement and consent of Plaintiff AmeriCredit Financial Services, Inc., and Defendant Evelyn Burgess, the Court having read the Consent Judgment and having approved it, and being otherwise fully advised in the premises;

IT IS ORDERED that:

1. Pursuant to Section 523(a)(2)(A) and (a)(6) of the United States Bankruptcy Code, 11 U.S.C. Section 523(a)(2)(A) and (a)(6), the entire debt due from Defendant Evelyn Burgess to Plaintiff AmeriCredit Financial Services on the December 16, 2008 Retail Installment Contract, which financed Defendant's purchase of a Chrysler 300 motor vehicle, is excepted from discharge. Damages are assessed against Defendant Evelyn Burgess in the amount of $16,317.74, plus contractual interest from December 30, 2008, and court costs of $250.00, and Plaintiff AmeriCredit Financial Services is awarded a judgment for damages against Defendant

Evelyn Burgess in the amount of $16,317.74, plus contractual interest from December 30, 2008 and court costs of $250.00.

2. Defendant and Plaintiff have stipulated that Plaintiff be granted relief from the stay to repossess and sell Defendant's 2006 Chrysler 300. After the sale, Defendant shall pay to Plaintiff 50% of the deficiency balance due on the Retail Installment Contract up to a maximum of $3,600.00. The 50% shall be paid in monthly installments of $100.00 and interest shall not accrue on this 50%, nor shall Defendant be obligated to pay the $250.00 in court costs, nor any attorney's fees, provided Defendant timely complies with the terms of this paragraph and paragraph 3 herein. The discounted sum of 50% of the deficiency shall be paid by Defendant in consecutive monthly payments of $100.00 and the first payment shall be due on January 15, 2010 and, thereafter, consecutive monthly payments shall be due on the 15th day of each month until the entire 50% of the deficiency, up to a maximum of $3,600.00 is paid in full. Payments may be made by money order or by check. All payments shall be forwarded to AmeriCredit Financial Services, Inc., P.O. Box 78143, Phoenix, Arizona 85062-8143.

3. Defendant is granted a 20 day grace period on each $100.00 payment. If Defendant fails to make any one payment by its due date, or if Defendant fails to make 2 or more payments by their due dates, and Defendant does not thereafter make the payment, or payments, within the applicable 20 day grace period, 100%, not the discounted amount of 50%, of the unpaid portion of the deficiency balance due on the Retail Installment Contract, including any accrued interest from the date of the sale plus $250.00 for costs, shall be automatically accelerated and immediately due from Defendant and Defendant shall pay this sum to Plaintiff without further notice. Also, upon acceleration, Plaintiff shall be entitled to recover from Defendant, and Defendant shall pay to Plaintiff, all attorney's fees and costs incurred by Plaintiff with regard to collection of the debt subsequent to the date of acceleration.

4. Count II of Plaintiff's Complaint is hereby dismissed.

5. All parties shall bear their own attorney's fees and court costs incurred in this adversary proceeding, except as provided in paragraph 3 herein.

6. If Defendant timely pays the discounted sum of 50% of the deficiency balance as required by paragraphs 2 and 3 herein, and there is no default and acceleration, upon the payment of the 50%, Defendant shall have fulfilled her obligation under the terms of this Consent Judgment and shall be entitled to a satisfaction of judgment from Plaintiff.

**Signed on November 19, 2009**

                                          **/s/ Thomas J. Tucker**
                                          **Thomas J. Tucker**
                                          **United States Bankruptcy Judge**